IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60193
Summary Calendar

_____

EDDIE L. WINNS,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:95-CV-18-L-N
- - - - - - - - - -
November 19, 1996

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eddie L. Winns appeals from the judgment of the district court affirming the denial of his

applications for disability insurance benefits and supplemental security income.  Winns argues:  (1)

that the Administrative Law Judge ("ALJ") applied improper legal standards,  (2) that the ALJ

erred by failing to accord proper weight to vocational expert testimony, and  (3) that substantial

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

evidence does not exist to support the ALJ's finding that he was not disabled for a continuous twelve-month period.

First, we find that the ALJ applied the appropriate legal standard. The ALJ conducts a five-step sequential analysis in determining whether a claimant is disabled: 1) *is the claimant is presently working*; 2) does the claimant have a severe impairment; 3) is the impairment listed, or equivalent to an impairment listed in Appendix 1 of the Regulations; 4) does the impairment prevent the claimant from performing past relevant work; and 5) does the impairment prevent the claimant from performing any other substantial gainful activity. [2] "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." [3]

At step one, the ALJ found that Winns had been working since August 5, 1992, when his impairment allegedly began. The ALJ further found that Winns' work activities had involved significant physical or mental activities for pay or profit, that his work activity constituted substantial gainful activity within the meaning of the regulations, and that his impairment had not rendered him unable to engage in substantial gainful activity for any continuous period of at least 12 months. The ALJ, therefore, concluded that Winns was not under a disability as defined in the Social Security Act. There is no legal error.

Second, we find that the ALJ did not fail to accord proper weight to the vocational expert's testimony. The vocational expert's opinion is not appropriate until the fifth step of the

---

[2]    20 C.F.R. § 404.1520; *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]    *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (*citing* Luevenia Davis v. Heckler, 759 F.2d 432, 435 (5th Cir. 1985).

sequential analysis,[4] but the ALJ found that Winns was not disabled in the first step of the analysis; therefore, the ALJ need not accord weight to the vocational expert's testimony.

Third, we conclude that the ALJ's finding that Winns was not disabled is supported by substantial evidence. As the claimant, Winns bears the burden of showing that he is disabled within the meaning of the Social Security Act.[5] The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months".[6] To determine whether substantial evidence of disability exists, four elements of proof must be weighed: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) claimant's subjective evidence of pain and disability; and 4) claimant's age, education, and work history.[7]

Reviewing the record in the light of these considerations, we find substantial evidence to support the ALJ's decision. Winns's work history indicates that he had worked on the stack chair line at Jansko from March 1993 until October 1993. The alleged onset of Winns' disability was August 5, 1992, and the hearing occurred on May 19, 1994. The ALJ thus concluded that "not only has claimant been engaged in substantial gainful activity since his alleged onset date of August 5, 1992, there has also been no continuous period of twelve months in which he has been

---

[4] *See* 20 C.F.R. §§ 404.156(e), 416.966(e); *Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983).

[5] *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

[6] *Id.*

[7] *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

unable to engage in substantial gainful activity". The ALJ further stated that because Winns

"resumed work in March 1993", "his impairment did not render him continuously unable to

perform substantial gainful activity for a period of 12 months".

Winns bore the burden of showing that he was disabled within the meaning of the Social

Security Act. There exists substantial evidence to support the ALJ's conclusion that Winns did

not carry this burden. Accordingly, the judgment is AFFIRMED.